**In the Matter of Kimberly MUNSON, Carrie Munson, Daniel Munson, Mikki Munson, Christopher Munson, Amy Michelle Munson.**

**Perry M. MUNSON,
Appellant-Respondent,**

v.

**RUSH COUNTY DEPARTMENT OF PUBLIC WELFARE,
Appellee-Petitioner.**

**No. 1–482A79.**

Court of Appeals of Indiana,
First District.

Feb. 8, 1983.

David J. Dreyer, Kenneth J. Falk, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant-respondent.

John O. Worth, Clarkson & Worth, Rushville, for appellee-petitioner.

ROBERTSON, Presiding Judge.

Perry Munson (Munson) appeals the termination of his parental rights to six children in a proceeding initiated by the Rush County Department of Public Welfare (DPW).

We reverse and remand.

Munson and his ex-wife were married in the early 1970's and their marriage produced six children by 1980. Munson had developed a drug and alcohol dependency which began while he was in the military in Viet Nam. The couple had many separations and reconciliations. As a result, the couple sought aid from local child welfare agencies in the various states where they resided.

On August 23, 1979, the children were adjudged to be in need of services by the state of Georgia and were placed in foster care. In February, 1980, the Georgia authorities initiated proceedings to terminate Munson's parental rights. The Georgia proceedings were continued and custody of the children was returned to Munson and his wife on February 29, 1980.

Munson and his wife separated again and in July, 1980, Mrs. Munson moved to Rushville. She had custody of the children. Munson returned to the Rushville area in September, where he was admitted to a detoxification program. On November 7, 1980, Munson was served with notice that his wife was seeking a divorce. On January 7, 1981, Mrs. Munson voluntarily terminated her parental rights. On January 9, 1981, the Rush Circuit Court authorized the filing of six petitions which alleged the Munson children were children in need of services (CHINS) Ind.Code 31-6-5-4. Munson did not receive notice of the petitions. On January 9, 1981, the trial court ordered the children to be wards of the DPW. Munson was served with a petition to terminate his parental rights on January 16, 1981, when he appeared at the final hearing on his divorce.

Munson moved to dismiss the DPW's petition to terminate at a hearing in open court on May 21, 1981. The trial court dismissed that petition, ordered visitation and a parental participation plan for Munson, and took a motion to dismiss the wardship under advisement. The DPW filed a second petition to terminate on September 15, 1981. A trial was held and on December 9, 1981, the trial court ordered Munson's parental rights to be terminated.

Munson alleges the trial court lacked subject matter jurisdiction to order a wardship and that it did not follow the requirements for a CHINS proceeding. Munson also alleges the trial court lacked personal jurisdiction.

A juvenile court does have jurisdiction to terminate parental rights. Ind. Code 31-6-2-1(a)(3). The requirements for termination are contained in I.C. 31-6-5-4. The petition must allege that:

(1) the child has been removed from his parent for at least six (6) months under a dispositional decree;

(2) there is a reasonable probability that the conditions that resulted in his removal will not be remedied;

(3) reasonable services have been offered or provided to the parent to assist him in fulfilling his parental obligations, and either he has failed to accept them or they have been ineffective;

(4) termination is in the best interests of the child; and

(5) the county department has a satisfactory plan for the care and treatment of the child.

The evidence is uncontested that the children were not removed from Munson for six months prior to the termination order.

The DPW alleges that the Georgia proceedings satisfied this condition and therefore, the termination was proper. The Georgia proceedings were not a dispositional proceedings and were not final.[1] The proceedings were continued and in fact, custody was returned to Munson.

Munson alleged that the trial court lacked subject matter jurisdiction. The juvenile courts have jurisdiction to terminate parental rights pursuant to I.C. 31-6-5-4. In the present case, the trial court had jurisdiction but it failed to follow the statutory mandates in order to terminate Munson's rights. The children were not removed from Munson for six months pursuant to a dispositional decree. Where a statute is clear and unambiguous, we must follow its plain meaning. *In re Wardship of Turrin,* (1982) Ind.App., 436 N.E.2d 130. There is a complete failure of proof in regard to the requirements of I.C. 36-6-5-4. The judgment is reversed and remanded for proceedings not inconsistent with this opinion.

RATLIFF and NEAL, JJ., concur.

1. In rendering this determination, we are not concluding that Indiana will not recognize another jurisdiction's dispositional decree. We will reserve judgment on that issue until we are confronted with such a decree which establishes a substantial similarity of both statutory requirements and purposes between I.C. 31-6-5-4 and the out of state decree.